IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS PERDICK | : CIVIL ACTION |
| v. | : |
| CITY OF ALLENTOWN and CHIEF ROGER MACLEAN | : No. 12-cv-6302 |

ORDER

AND NOW, this 27th day of June 2013, upon consideration of Defendants' Motion to Dismiss and/or Strike Amended Complaint (Doc. No. 13) and Plaintiff's Response thereto (Doc. No. 14), it is hereby ORDERED that the motion is GRANTED IN PART and DENIED IN PART.

I. BACKGROUND[1]

Plaintiff was hired as a Patrolman and employee by Defendant City of Allentown in April of 2006. (Am. Compl. ¶¶ 3–4, 22, Doc. No. 11). Plaintiff asserts that he suffers from a permanent disability to his right knee that qualifies as a disability and affects major life activities, including manual tasks, walking, standing, lifting, and bending, as defined by the Americans with Disabilities Act (ADA) and the ADA Amendments Act of 2008 (ADAAA). (Id. at ¶¶ 9, 11–13). Plaintiff claims (1) that he has a record of such impairment, (2) that Defendant City of Allentown was aware of his impairment, and (3) that Defendant City of Allentown regarded him as having this impairment. (Id. at ¶¶ 10, 15, 21).

---

[1] As Defendants have moved to dismiss all claims against them under Federal Rule of Civil Procedure 12(b)(6), this Court takes Plaintiff's well-pleaded facts as true at this stage in the litigation. Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)).

1

On May 13, 2013, Plaintiff was terminated by Defendant City of Allentown by letter. (Id. at ¶ 7; see also Am. Compl. Ex. A, Doc. No. 11-1). Plaintiff asserts that, at the time of his termination, he was qualified for the position he held with Defendant City of Allentown, had an above average work history with Defendant City of Allentown, and could perform the essential functions of his job with a reasonable accommodation that would not have caused Defendant City of Allentown any significant hardship. (Am. Compl. ¶¶ 6, 16, 18, Doc. No. 11). Plaintiff alleges that Defendant City of Allentown did not consider accommodating him and refused to grant him any reasonable accommodations short of termination without engaging in any interactive process, thus preventing him for obtaining fully vested pension benefits, despite having previously awarded disability pensions or made accommodations to other officers to permit them to continue their employment. (Id. at ¶¶ 17, 19, 23, 47, 48(a)–(dd), 55).

Plaintiff further claims that he was terminated without due process, including a hearing before the City Council, and without any action by the City Council. (Id. at ¶¶ 32–33, 36). Plaintiff asserts that he acquired a property interest in his position since, pursuant to a collective bargaining agreement, he could not be terminated without just cause. (Id. at ¶¶ 34, 37). Plaintiff claims he was not given any opportunity to appeal his termination at the time it occurred. (Id. at ¶ 38).[2] Plaintiff alleges that his due process rights were violated by both Defendant City of Allentown and Defendant Chief Roger Maclean[3] (Chief Maclean), since Plaintiff claims that

---

[2] This Court notes that Plaintiff's termination letter, which is attached to his amended complaint, states that Plaintiff could "request a civil service hearing before City Council" if he wished. (Am. Compl. Ex. A, Doc. No. 11-1). It is unclear if Plaintiff made any such request.

[3] Defendants' motion capitalizes the last name to be "MacLean," but there is no dispute among the parties that it is the same individual.

Defendant Chief Maclean was "the chief decision maker of the Police Department" and "set[] policy" for the Police Department. (Am. Compl. ¶¶ 44, Doc. No. 11). Plaintiff alleges that Defendant Chief Maclean "has expressly stated a deep seated intolerance for police officers who suffer from disabilities." (Id. at ¶ 45). Plaintiff claims that "personnel policies have been applied by [Defendants City of Allentown and Chief Maclean] on a subjective, ad hoc basis, without the imposition of rules and objective standards" and that "there was no written policy to justify the termination of his employment." (Id. at ¶¶ 49–51).

In the instant complaint, Plaintiff alleges that Defendant City of Allentown discriminated against him in violation of the ADA as amended (Count I) and the Pennsylvania Human Relations Act (PHRA) (Count II). Plaintiff further asserts a claim under 42 U.S.C. section 1983 that Defendants City of Allentown and Chief Maclean denied him procedural due process, as guaranteed under the Fourteenth Amendment of the United States Constitution (Count III).

II.  LEGAL STANDARD

The Third Circuit directs district courts evaluating Rule 12(b)(6) motions to first "separate" the factual and legal elements of a claim, accepting as true all "well-pleaded facts" of the complaint but not necessarily accepting the complaint's "legal conclusions," and then "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)). Courts must view well-pleaded facts and "reasonable inferences that may be drawn" from those facts "in the light most favorable to the non-moving party," Hirsch v. Schiff Benefits Grp., No. 10-cv-2574, 2011 WL 1166127, at *3 (E.D. Pa. Mar. 28, 2011) (citing Rocks v. City of Phila., 868 F.2d 644, 645 (3d Cir. 1989)),

including "facts alleged on information and belief," Melo-Sonics Corp. v. Cropp, 342 F.2d 856, 859 (3d Cir. 1965). A motion to dismiss should be granted "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations." Port Auth.of N.Y. & N.J. v. Arcadian Corp., 189 F.3d 305, 311 (3d Cir. 1999) (quoting Alexander v. Whitman, 114 F.3d 1392, 1397 (3d Cir. 1997)). Mere improbability of success is not sufficient to dismiss a plaintiff's complaint; rather, a plaintiff's complaint need only provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." McTernan v. City of York, 564 F.3d 636, 646 (3d Cir. 2009) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)) (internal quotations omitted).

III. ADA and PHRA Claims (Counts I and II)[4]

"To establish a prima facie case of discrimination under the ADA, an employee must show that he (1) is disabled, (2) is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer, and (3) has suffered an adverse employment action as a result of his disability." Stadtmiller v. UPMC Health Plan, Inc., 491 F. App'x 334, 336 (3d Cir. 2012) (citing Hohider v. United Parcel Serv., Inc., 574 F.3d 169, 186 (3d Cir. 2009)) (not precedential). Plaintiff may establish discrimination "by proving that his employer either took adverse action against him because of his disability or failed to make reasonable accommodations for his known disabilities." Drozdowski v. Northland Lincoln Mercury, 321 F. App'x 181, 184 (3d Cir. 2009) (citing Taylor v. Phoenixville Sch. Dist., 184 F.3d 296, 306 (3d Cir. 1999)) (not precedential). Here, Plaintiff asserts this claim against Defendant City of Allentown

---

[4] Because "[a]n analysis of an ADA claim applies equally to a PHRA claim," Williams v. Phila. Hous. Auth. Police Dep't, 380 F.3d 751, 761 n.6 (3d Cir. 2004) (citation and quotation marks omitted), this Court's analysis of Plaintiff's ADA claim also applies to Plaintiff's PHRA claim.

failed to make reasonable accommodations although (1) he suffers from an actual disability and (2) he was "regarded as" being disabled.[5]

"To prove a reasonable-accommodation claim, a plaintiff must show that his employer failed to make 'reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless the employer can demonstrate that the accommodation would impose an undue hardship on the operation of the business of the employer.'" Drozdowski, 321 F. App'x at 184 (quoting 42 U.S.C. § 12112(b)(5)(A)). An employer may be found to have breached its duty to provide reasonable accommodations by failing to engage in good faith in the interactive process if plaintiff establishes the following: "1) the employer knew about the employee's disability; 2) the employee requested accommodations or assistance for his or her disability; 3) the employer did not make a good faith effort to assist the employee in seeking accommodations; and 4) the employee could have been reasonably accommodated but for the employer's lack of good faith." Hohider, 574 F.3d at 187 (internal citation and quotation marks omitted). See also Stadtmiller, 491 F. App'x at 336 (noting same standard). To prevail on a reasonable-accommodation claim based upon a failure to engage in the interactive process, however, plaintiff must have a "disability" as defined under the ADA, since "failure to engage in the interactive process, in itself, does not constitute [a violation of the ADA]." Hohider, 574 F.3d at 194 (internal citation and quotation marks omitted).

---

[5] Although Plaintiff's amended complaint does not specifically state Plaintiff's desire to prove discrimination due to a failure to provide reasonable accommodations, Plaintiff's complaint focuses on the lack of interactive process and failure to make accommodations that would not cause significant hardship. (See Am. Compl. ¶¶ 17–19, 23, Doc. No. 11). Plaintiff's response to the instant motion similarly focuses on Defendant City of Allentown's failure to provide reasonable accommodations. (See Pl.'s Resp. 5–12, Doc. No. 14). Therefore, this Court evaluates the instant motion to dismiss based on this theory.

The ADA defines "disability" as: "(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1) (2013). Major life activities include activities such as "caring for oneself, performing manual tasks, . . . , walking, standing, lifting, bending, . . . , and working." 42 U.S.C. § 12102(2)(A) (2013). "Disability" is to be construed "in favor of broad coverage of individuals." 42 U.S.C. § 12102(4)(A) (2013). Further, determinations of disability are to be made "without regard to the ameliorative effects of mitigating measures," including "medication," "mobility devices," "assistive technology," and "reasonable accommodations." 42 U.S.C. § 12102(4)(E) (2013).

This Court first addresses Plaintiff's claim based on his theory that he was "regarded as" disabled. Notwithstanding the fact that the ADA's general definition of disability includes "being regarded as having [a disability that substantially limits one or more major life activities]," the statute as amended does not require employers to provide reasonable accommodations to individuals only qualify as individuals under the "regarded as" prong. See 42 U.S.C. § 12201(h) (2013) (noting employers "need not provide a reasonable accommodation or a reasonable modification to policies, practices, or procedures to an individual who meets the definition of disability . . . solely under [the "regarded as" prong]"). See also 29 C.F.R. § 1630.9 (2013) (noting that employers need only provide reasonable accommodations to a qualified individual with an "actual disability" or "record of" disability). Therefore, Plaintiff may not pursue a cause of action for failure to accommodate based upon allegations that he was "regarded as" having a disability. See Kiniropoulos v. Northampton Cnty. Child Welfare Serv., No. 11-6593, -- F. Supp. 2d. -- , 2013 WL 140109, at *6 (E.D. Pa. Jan. 11, 2013) (noting that, "as part of the amendments to the ADA, claims based on a failure to accommodate can only be brought as part of an actual disability claim")

(emphasis in original); McGinley v. City of Allentown, No. 5:12-cv-645, 2012 U.S. Dist. LEXIS 188387, at *10 (E.D. Pa. June 18, 2012) (noting that actual disability is required to proceed under a "failure to accommodate" cause of action).[6]

This Court now turns to Plaintiff's claim based on his assertion of actual disability. Defendant City of Allentown argues that Plaintiff's amended complaint fails to sufficiently allege (1) that he has an actual disability or (2) that he requested any accommodation. (Defs.' Mot. 7, Doc. No. 13-1). In his amended complaint, Plaintiff claims that he suffers from a permanent disability to his right knee that substantially limits major life activities such as walking, standing, and lifting. (Am. Compl. ¶¶ 9, 13, Doc. No. 11). Plaintiff further asserts that he has a record of such impairment. (Id. at ¶ 15). Plaintiff also specifically alleges that Defendant City of Allentown was aware of his disability. (Id. at ¶ 10). Further, although Plaintiff does not specifically name a requested accommodation or explicitly state that he requested an accommodation from Defendant City of Allentown, Plaintiff does allege that Defendant City of Allentown "refused to grant [him] any reasonable accommodations short of termination" and "engaged in no interactive process intended to allow him to continue working for [Defendant City of Allentown]." (Id. at ¶¶ 19, 23). From these allegations, one could infer that Plaintiff has an actual disability and requested some assistance for it; therefore, at this stage of the litigation, this Court cannot find that Plaintiff has not alleged sufficient facts to withstand a motion to dismiss. Therefore, Defendant City of Allentown's motion to dismiss Counts I and II is denied.

---

[6] This Court notes that, in Williams v. Philadelphia Housing Authority Police Department, 380 F.3d 751, 775 (3d Cir. 2004), the Third Circuit came to a contrary conclusion when interpreting the statute prior to the ADA Amendments Act of 2008. The Third Circuit declined to address the issue in Hohider v. United Parcel Services, Inc., 574 F.3d 169, 188 n. 17 (3d Cir. 2009), choosing to resolve that matter on other grounds. As there is no dispute in this case that the ADA Amendments Act of 2008 applies, this Court defers to the clear statutory text on this point.

7

IV.  Procedural Due Process Claim (Count III)

Plaintiff asserts a claim under 42 U.S.C. section 1983 that Defendants City of Allentown and Chief Maclean denied him procedural due process, as guaranteed under the Fourteenth Amendment of the United States Constitution. 42 U.S.C. section 1983 provides a federal cause of action for a plaintiff whose constitutional rights have been violated by a person acting under color of state law. Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 580–81 (3d Cir. 2003). Claims under section 1983 are not limited to public actors, and one can properly rely on section 1983 to sue a private corporation acting under color of state law. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). When relying on section 1983 to sue a private actor, liability cannot rest solely on the principle of respondeat superior; rather, a plaintiff must show individual liability based on specific actions or failures to act. Natale, 318 F.3d at 582. "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)).

To hold an individual liable in his official capacity or extend liability to a municipal employer, plaintiff must show that the defendant initiated or maintained, on behalf of the municipality, a policy or custom that caused the constitutional violation. Natale, 318 F.3d at 583–84. "Policy is made when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict." Andrews v. City of Phila., 895 F.2d 1469, 1480 (3d Cir. 1990) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986)). "Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so

well-settled and permanent as virtually to constitute law," Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990) (citing Andrews, 895 F.2d at 1480), and "may be established by proof of knowledge and acquiescence," Fletcher v. O'Donnell, 867 F.2d 791, 793–94 (3d Cir. 1989). One in an official capacity and, therefore, the municipality, may be liable under section 1983 in cases where a policymaker "made 'a deliberate choice to follow a course of action . . . from among various alternatives, . . . and the policy chosen 'reflects deliberate indifference to the constitutional rights" of citizens. Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 725 (3d Cir. 1989) (quoting City of Canton v. Harris, 489 U.S. 378, 389 (1989)). In determining whether a defendant is a "policymaker," courts look to state law to determine whether the official "has final, unreviewable discretion to make a decision or take an action." Kelly v. Borough of Carlisle, 622 F.3d 248, 265 (3d Cir. 2010) (citing Andrews, 895 F.2d at 1581).

This Court notes at the outset that, to the extent Plaintiff claims that Defendants City of Allentown and Chief Maclean violated his rights to a hearing before and action by the City Council prior to his termination, as guaranteed under Pennsylvania law because of Defendant City of Allentown's status as a third-class city, Plaintiff cannot do so under 42 U.S.C. section 1983, since section 1983 provides remedies only for violations of federal law. McMullen v. Maple Shade Twp., 643 F.3d 96, 99 (3d Cir. 2011) (citations omitted). See also Rivera v. Ill., 556 U.S. 148, 160 (2009) (stating that "errors of state law do not automatically become violations of due process"); Rector v. City & Cnty. of Denver, 348 F.3d 935, 947 (10th Cir. 2003) ("It is well established . . . that a state's violation of its own laws does not create a claim under [section] 1983."). Therefore, to succeed on his procedural due process claim, Plaintiff must show that he was deprived of his rights under the U.S. Constitution.

Fourteenth Amendment procedural due process claims are "subject to a two-stage inquiry: (1) whether the plaintiff has a property interest protected by procedural due process, and (2) what procedures constitute due process of law." Schmidt v. Creedon, 639 F.3d 587, 595 (3d Cir. 2011) (citation and internal quotation marks omitted). In the instant action, the parties do not dispute that Plaintiff had a property interest in his employment as a police officer under Pennsylvania law.[7] See 53 Pa. Cons. Stat. Ann. § 37001 (West 2013); Balliett v. City of Allentown, No. 92-cv-4713, 1994 WL 719637, at *8 (E.D. Pa. Dec. 22, 1994) (noting plaintiff's "property right in continued employment as a police officer"). The parties dispute only whether Defendants' procedures comported with due process. Specifically, Plaintiff asserts that he did not receive a hearing prior to his termination[8] and was not permitted to prosecute his grievance under the collective bargaining agreement. (Am. Compl. ¶¶ 36, 41, 42, Doc. No. 11).

Defendants argue that Third Circuit precedent under Dykes v. Southeastern Pennsylvania Transportation Authority, 68 F.3d 1564 (3d Cir. 1995), and Jackson v. Temple University, 721 F.2d 931 (3d Cir. 1983), require dismissal of Plaintiff's claims, since the collective bargaining agreement provides an "adequate grievance procedure" and Plaintiff does not allege that Defendants interfered with that procedure. (Defs.' Mot. 11, Doc. No. 13-1). However, Plaintiffs

---

[7] Plaintiff also asserts that he had a protected property interest under the collective bargaining agreement. (Am. Compl. ¶ 34, Doc. No. 11). As this Court finds that Pennsylvania law provides a protected property interest, we need not consider whether the collective bargaining agreement also does so.

[8] It is not entirely clear whether Plaintiff asserts that he was deprived of any hearing or merely deprived of a hearing before the City Council, which is provided under Pennsylvania law. Since Plaintiff specifically asserts in paragraph 41 of his amended complaint that he was deprived of a hearing, at this stage of the litigation, this Court interprets Plaintiff's claim as a deprivation of any hearing. As noted above, 42 U.S.C. section 1983 provides remedies only for violations of federal law, not state law.

10

correctly argue that, in its subsequent decision of Schmidt v. Creedon, 639 F.3d 587 (3d Cir. 2011), the Third Circuit specifically rejected this argument, stating that Dykes and Jackson "cannot be read as holding that the availability of post-deprivation union grievance procedures relieves a public employer of the obligation to provide an employee with a hearing prior to his termination or suspension without pay," since its reasoning in those cases did not address the need for a hearing prior to such action. Schmidt, 639 F.3d at 597. The Third Circuit then reiterated prior precedent that indicated that, "absent extraordinary circumstances," police officers are entitled to a hearing prior to termination. Id. at 598 (citing Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985); Gniotek v. City of Phila., 808 F.2d 241, 244 (3d Cir. 1986)). A pre-termination hearing can be "informal," and "an employee is entitled only to notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." Schmidt, 639 F.3d at 596 (internal citation and quotation marks omitted). Because Plaintiff has asserted that he was not provided any hearing prior to his termination by letter, this Court finds that Plaintiff has alleged sufficient facts to withstand a motion to dismiss on this claim by Defendant City of Allentown.[9]

Defendants also argue that Count III must be dismissed against Defendant Chief Maclean because Plaintiff fails to assert any personal involvement on the part of Defendant Chief Maclean in the deprivation of his constitutional rights. (Defs.' Mot. 14, Doc. No. 13-1). Specifically,

---

[9] Because we find that Plaintiff has asserted sufficient facts to withstand Defendant City of Allentown's motion to dismiss based on the theory he was deprived of his right to a pre-termination hearing, we need not assess whether Plaintiff alleges sufficient facts to support his theory that he was not permitted to prosecute a grievance under the collective bargaining agreement.

Defendants argue that Plaintiff makes no allegations that Defendant Chief Maclean played an "affirmative part" in any of Defendant City of Allentown's decisions regarding hearings, appeals, or grievances. (Id.)

Plaintiff does not indicate if he asserts his claim against Defendant Chief Maclean in his individual capacity, his official capacity, or both; therefore, for purposes of the instant motion, this Court considers Plaintiff's claim as if asserted against Defendant Chief Maclean in both his individual and official capacities. First, Plaintiff does not assert any facts indicating Defendant Chief Maclean personally acted or directed others to act to deprive Plaintiff of his right to a pre-termination hearing. Although Plaintiff asserts that Defendant Chief Maclean sets policy for the Police Department as its "chief decision maker," (Am. Compl. ¶ 44, Doc. No. 11), Plaintiff does not allege any specific custom or policy of Defendant City of Allentown's Police Department that led to the deprivation of his constitutional right to due process. Similarly, although Plaintiff alleges that Defendant Chief Maclean "has expressly stated a deep seated intolerance for police officers who suffer from disabilities," (Id. at ¶ 45), Plaintiff does not indicate any custom, policy, or practice resulting from this alleged intolerance that caused the deprivation of his right to a pre-termination hearing. Therefore, Plaintiff has failed to allege sufficient facts to withstand Defendant Chief Maclean's motion to dismiss this claim against him in either his individual or official capacities, and Defendant Chief Maclean's motion to dismiss this claim is GRANTED.

V.   Defendants' Motion to Strike

Courts have "considerable discretion in disposing of a motion to strike under Rule 12(f)." N. Penn Transfer, Inc. v. Victaulic Co. of Am., 859 F. Supp. 154, 158 (E.D. Pa. 1994) (citation

and internal quotation marks omitted). However, motions to strike "are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." Id. (citation and internal quotation marks omitted). Striking a pleading is a "drastic remedy" that should be "sparingly used by courts." Id.

This Court declines to find that paragraphs 48(a) through (dd) "have no possible relation to the controversy" or that the allegations "confuse the issues." Therefore, we exercise our considerable discretion to deny Defendants' motion to strike these paragraphs.

In conclusion, it is hereby ORDERED that Defendants' motion is GRANTED IN PART and DENIED IN PART as follows:

1. Defendants' motion to dismiss Counts I, II, and III against Defendant City of Allentown is DENIED.

2. Defendants' motion to dismiss Count III against Defendant Chief Maclean is GRANTED.

3. Defendants' motion to strike the paragraphs 48(a) through 48(dd) is DENIED.

BY THE COURT:

/s/ Legrome D. Davis
Legrome D. Davis, J.