IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS PERDICK, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF ALLENTOWN, | : | |
| Defendant. | : | No. 12-6302 |

**MEMORANDUM OPINION**

**Timothy R. Rice**                                                                                                                               **February 26, 2014**
**U.S. Magistrate Judge**

      Plaintiff Douglas Perdick, a former Allentown police officer, alleges the City of Allentown violated: (a) the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA") by failing to provide him with a reasonable accommodation; and (b) his Fourteenth Amendment right to procedural due process, pursuant to 42 U.S.C. § 1983.[1]  Allentown seeks summary judgment, arguing that Perdick was not a "qualified individual" under the ADA, Allentown did not fail to provide him with a reasonable accommodation, and his procedural due process claim fails as a matter of law.

---

[1]     Although Perdick fails to clearly articulate the basis for his ADA claim, the only reasonable way to construe Perdick's Amended Complaint is as asserting a failure to accommodate theory.  See Am. Compl. (doc. 11); Allentown's Br. (doc. 24-1) at 12; Perdick's Br. (doc. 26) at 20 ("Plaintiff can maintain a cause of action for failure to accommodate, because he can establish that he was a qualified individual at the time of his request for an accommodation."); see also 6/27/13 Order (doc. 15) ("amended complaint does not specifically state Plaintiff's desire to prove discrimination due to a failure to provide reasonable accommodations, Plaintiff's complaint focuses on the lack of interactive process and failure to make accommodations that would not cause significant hardship.").

      It further appears that portions of Perdick's brief were copied from Allentown's brief, including statements such as "Plaintiff cannot establish a cause of action under [failure to accommodate.]"  See Perdick's Br. at 11.

I grant Allentown's motion for summary judgment, in part, as to his ADA and PHRA claim, because Perdick was not qualified as a police officer, and, alternatively, he failed to request an accommodation and engage in an interactive process with Allentown to determine a reasonable accommodation. Nevertheless, I deny the motion for summary judgment on Perdick's due process claim.

**I.     Undisputed Facts**

In April 2006, Perdick was hired as an Allentown police officer. Allentown's Facts at ¶ 1; Perdick's Facts at 1. In April 2007, he injured his right knee. Allentown's Facts at ¶¶ 2-3; Perdick's Facts at 1. From April 2007 to September 2009, he received treatment, including surgeries, which required absences from work. Allentown's Facts at ¶¶ 4-18; Perdick's Facts at 2-4, 6-7.

In September 2009, Perdick was released to work with permanent physical restrictions. Allentown's Facts at ¶¶ 18-20; Perdick's Facts at 6-7. A doctor found that he had reached his maximum medical improvement.[2] Allentown's Facts at ¶¶ 18-20; Perdick's Facts at 6-7; Allentown's Ex. I, Doctor's Assessment. Perdick returned to work and was assigned to the records division. Allentown's Facts at ¶ 20; Perdick's Facts at 6-7. Perdick acknowledged that Allentown had a policy of allowing an injured officer six months of temporary, light-duty work. Allentown's Facts at ¶ 15; Perdick's Facts at 5. He also admitted that he was informed that Allentown did not have permanent, light-duty positions in the Police Department. Allentown's Facts at ¶ 16; Perdick's Facts at 6.

---

[2]     Perdick disputes whether he reached maximum medical improvement because he could have received a knee replacement. See Perdick's Facts at 7. Perdick's argument does not factually dispute the contents of the doctor's report. See Ex. I.

In an October 6, 2009 letter, Allentown informed Perdick of its "position that [he was] no longer temporarily incapacitated from performing [his] duties as an Allentown Police Officer." Allentown's Facts at ¶ 24; Perdick's Facts at 8-9.  As of March 15, 2010, the date of his "Heart and Lung" hearing on the termination of his temporary disability benefits, Perdick recognized he was permanently injured and unable to perform police officer duties.[3] Allentown's Facts at ¶¶ 27-32; Perdick's Facts at 9-10

In an April 21, 2010 letter, Allentown informed Perdick that it received notification he had been released to perform light/medium work and no longer met the requirements of a police officer.  Allentown's Facts at ¶ 34; Perdick's Facts at 11.  It listed other available positions, including a recreational clerk, a 911 dispatcher, crossing guard, paramedic, IT department manager, and plant operator, and stated it would give Perdick preference over qualified applicants.  Allentown's Facts at ¶¶ 35-36; Perdick's Facts at 10-11.  Allentown requested Perdick respond by April 30 and arrange to "meet and discuss" the possibility of continued employment.  Allentown's Facts at ¶ 37; Perdick's Facts at 12.  Perdick received the letter, but failed to respond by April 30, 2010.  Allentown's Facts at ¶¶ 38-39; Perdick's Facts at 12.  On May 13, 2010, Perdick was terminated.  Allentown's Facts at ¶ 41; Perdick's Facts at 12.  Allentown informed Perdick that if he wanted to appeal its decision, he could request a hearing before City Council.  Allentown's Facts at ¶ 43; Perdick's Facts at 12-13.  Perdick failed to appeal.  Allentown's Facts at ¶ 44; Perdick's Facts 12-13.

---

[3] The Heart and Lung Act provides a temporarily injured police officer his salary and benefits.  See 53 P.S. § 637.

**II.     Legal Standard**

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it "might affect the outcome of the suit under the governing law." Id.

Where there is only one reasonable conclusion from the record regarding the potential verdict under the governing law, summary judgment must be awarded to the moving party. See id. at 250. "If reasonable minds could differ as to the import of the evidence, however, a verdict should not be directed." Id. at 250-51. I must view the facts and any inferences from those facts in the light most favorable to the non-moving party. See Ray v. Warren, 626 F.3d 170, 173 (3d Cir. 2010).

The ADA and PHRA prohibit a covered employee from discriminating against a qualified individual because of a disability. 42 U.S.C. § 12112(a); see also Kelly v. Drexel Univ., 94 F.3d 102, 105 (3d Cir. 1996) (PHRA claims are analyzed in the same manner as ADA claims). To be a qualified individual, plaintiff must: (1) "demonstrate that s/he satisfies the requisite skill, experience, education and other job-related requirements of the employment position;" and (2) "establish that s/he, with or without reasonable accommodation, can perform the essential functions of the position held or sought." Turner v. Hershey Chocolate U.S., 440 F.3d 604, 611 (3d Cir. 2006) (internal quotation and citation omitted). A plaintiff "is a qualified individual even if he is no longer able to perform the job of a patrol officer, as long as he is able to perform another job available in the police department[.]" Reilly v. Upper Darby Twp., 809 F. Supp. 2d 368, 380 (E.D. Pa. 2011). However, under such circumstances, a plaintiff must

provide sufficient evidence from which the jury could reasonably conclude that he was able to perform the essential functions of that other job. See id.

Discrimination under the ADA includes an employer's failure to make reasonable accommodations for a plaintiff's disabilities. See § 12112(b)(5); Taylor v. Phoenixville Sch. Dist., 184 F.3d 296, 306 (1999). "'Reasonable accommodation,' . . . includes the employer's reasonable efforts to assist the employee and to communicate with the employee in good faith,' under what has been termed a duty to engage in the 'interactive process.'" Williams v. Phila. Housing Auth. Police Dep't, 380 F.3d 751, 761 (3d Cir. 2004) (quoting Mengine v. Runyon, 114 F.3d 415, 416 (3d Cir. 1997)). An employer may be liable for failing to engage in an interactive process if a plaintiff shows: (1) the employer knew about the disability; (2) the employee requested an accommodation; (3) the employer failed to make a good faith effort to assist in finding an accommodation; and (4) the employee could have been reasonably accommodated but-for the employer's lack of good faith. Hohider v. United Parcel Serv., Inc., 574 F.3d 169, 187 (3d Cir. 2009) (quoting Williams, 380 F.3d at 772). "[B]oth employer and employee 'have a duty to assist in the search for appropriate reasonable accommodation and to act in good faith.'" Williams, 380 F.3d at 771 (quoting Mengine, 114 F.3d at 420).

### III. Discussion

#### A. "Qualified Individual"

Allentown argues that Perdick's ADA claim fails because he was not qualified to perform the essential functions of a police officer.[4] Allentown's Br. at 13-14. I agree.

---

[4] Allentown also argues judicial estoppel prevents Perdick from claiming he was a "qualified individual" because he stated at the Heart and Lung hearing that he had a permanent injury under the Heart and Lung Act. See Allentown's Br. at 12; Allentown's Ex. K, Heart and Lung Transcript at 7. I disagree. (continued on p. 6)

In September 2009, Perdick reached his maximum medical improvement, and was medically approved to work with permanent restrictions, including: sedentary work; constant sitting; occasional standing, walking, climbing, and bending; and never kneeling or crawling. See Allentown's Ex. A, Perdick's Dep. at 29-40, 42-46, 50-53; Allentown's Ex. I. Perdick understood that as of this time he would be unable to return to work as a police officer. Perdick's Dep. at 53. He also acknowledged that as of his May 13, 2010 termination, he was unable to perform the essential functions of a police officer. Id. at 70. Perdick knew that a police officer had certain physical requirements, including walking, standing, bending, and climbing, that he could no longer perform. Id. at 52-53, 81.

Perdick argues Allentown failed to identify the specific essential duties of a police officer. Perdick, however, has the burden of establishing a prima facie case, which included showing he was a qualified individual.[5] See Jones v. United Parcel Serv., 214 F.3d 402, 407 (3d Cir. 2000) (plaintiff has "the burden of demonstrating that he has a disability under the ADA

---

In determining whether Perdick is judicially estopped, I must consider whether: (1) plaintiff's positions in a previous proceeding and in this case are irreconcilably inconsistent; (2) plaintiff changed his position in bad faith; and (3) "'the use of judicial estoppel [would be] tailored to address the affront to the court's authority or integrity.'" Dam Things from Denmark, a/k/a Troll Co. ApS, v. Russ Berrie & Co., Inc., 290 F.3d 548, 559 (3d Cir. 2002) (quoting Montrose Med. Group Participating Sav. Plan v. Bulger, 243 F.3d 773, 777-78 (3d Cir. 2001)); see also Detz v. Greiner Indus. Inc., 346 F.3d 109, 115 (3d Cir. 2003).

Perdick's current position, that he was qualified to perform as a police officer, albeit in the records division of the police department, is not inconsistent with his statement at the Heart and Lung hearing, that he is permanently injured. See Perdick's Facts at 6 (claiming his permanent injury did not preclude him from performing in the records division). There also is no evidence that Perdick has engaged in bad faith or that use of estoppel would "address the affront" of my authority or integrity.

[5]   Perdick argues that the holding in Acevedo v. City of Phila., 680 F. Supp. 2d 716, 733-35 (E.D. Pa. 2010) controls. That case involved a plaintiff disputing a police officer's essential functions, Perdick's Br. at 19, and is inapplicable because Perdick failed to identify or dispute the essential functions of a police officer.

before any claim can proceed to trial"); Gaul v. Lucent Tech., Inc., 134 F.3d 576, 580 (3d Cir. 1998) (employee has burden of proving he is qualified) (quotation and citation omitted). Perdick also conceded that he could not perform many physical tasks required of a police officer. See Perdick's Dep. at 53. Additionally, he failed to provide the essential qualities of the records division jobs. See Reilly, 809 F. Supp. 2d at 380.

Perdick contends that, as of today, he would be able to function as a police officer given modern technology. See Perdick's Facts at 7; Perdick's Br. at 3. His position ignores the legal requirement that the relevant time period is the date of his termination. See Turner, 440 F.3d at 611 ("The determination of that an individual with a disability is qualified is made at the time of the employment decision, and not at the time of the lawsuit." (citation omitted)).

Perdick has failed to establish the first element of a prima facie case, that he is a qualified individual.

    B.  Failure to Provide a Reasonable Accommodation

In addition, Perdick has failed to establish that Allentown failed to accommodate his disability.

Perdick claims that he wanted to continue to work in his position at the Allentown Police Department records division, which he asserts remains open. Perdick, however, failed to request such an accommodation, or any other accommodation.[6] Perdick's Dep. at 69; Perdick's Br. at 23. Nonetheless, Allentown offered him other available positions, thus initiating what could have been an interactive process. In its April 21, 2010 letter, Allentown listed open positions,

---

[6] Perdick cites Phoenixville Hosp. v. Workers' Comp. Appeal Bd., 32 EAP 2011, 2013 Pa. LEXIS 2810 (Pa. 2011) for the proposition that an employer who seeks to modify a claimant's worker compensation benefits must provide evidence of a referral to an open job, meaning that such a job exists. Perdick's Br. at 22. The application of the state workers' compensation statute is not relevant in Perdick's ADA claim.

7

stated that it would keep them open and give Perdick preference over other qualified applicants, and asked Perdick to respond by April 30, 2010 to schedule a meeting and discuss. See Allentown's Ex. L. Perdick failed to respond, thereby failing to engage in the interactive process.[7] Perdick's Dep. at 66-69.

Perdick claims he did not want the offered positions because he was already working in the records division. Yet, Perdick has acknowledged that Allentown had a policy of allowing an injured police officer only six months of temporary, light-duty work. Perdick's Dep. at 79-81. He further acknowledged that it was Allentown's practice to use the records division job for light-duty assignments. See Perdick's Br. at 22. Allentown was not required "to create a new position to accommodate" Perdick's disability, or "to transform a temporary light duty position into a permanent position." Buskirk v. Apollo Metals, 307 F.3d 160, 169 (3d Cir. 2002).

Although Perdick also claims that he could not physically perform, and had no experience performing, any of the offered jobs, he failed to communicate this to Allentown or request other suitable jobs. Perdick's Dep. at 67-68, 85; see Williams, 380 F.3d at 771. Perdick claims he asked for work within his physical capabilities and Allentown compelled him to return to work, but he fails to cite any evidence to support that claim. Perdick's Br. at 23. Perdick further argued Allentown's offered positions were outside of the police department. Id. He, however, alleged in his Amended Complaint that "he was not exclusively an employee of the 'police department' per se, but in fact, that as a police officer he was an employee of Defendant City of Allentown." See Am. Compl. at ¶ 22. Perdick also fails to cite any law that required his accommodation be within the police department, rather than as an Allentown city employee.

---

[7]  Perdick claims that he asked his attorney what he should do with the letter, but they decided to do nothing because he was still "on limited capacity." Perdick's Dep. at 68.

Because Perdick failed to request an accommodation or engage in the interactive process, he has failed to show Allentown failed to accommodate him.

Allentown's motion for summary judgment on Perdick's ADA failure to accommodate claim is granted.

C. <u>§ 1983 Claim</u>

Allentown argues Perdick's § 1983 pre-termination procedural due process claim should be dismissed because Perdick was provided notice and an opportunity to be heard at the Heart and Lung hearing and he was able to appeal its decision post-termination.[8] Allentown Br. at 20-21.

To assert a successful § 1983 procedural due process claim, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide due process of law." <u>Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd. of Educ.</u>, 587 F.3d 176, 194 (3d Cir. 2009) (quoting <u>Hill v. Borough of Kutztown</u>, 455 F.3d 225, 234 (3d Cir. 2006)).

---

[8] In discussing his procedural due process claim in his brief, Perdick makes several references to <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 690 (1978). <u>See</u> Perdick Br. at 28-30, 29 ("the record reveals deliberate indifference by the City to the Plaintiff's pre-termination <u>Loudermill</u> Fourteenth amendment right. Ergo under <u>Canton</u>, there is municipal liability").

Allentown did not move for summary judgment of a <u>Monell</u> claim. I find that Perdick failed to include any such claim against Allentown in his Amended Complaint or allege any deprivation as a result of an official governmental custom or policy perpetrated against a number of police officers. <u>See</u> <u>Natale v. Camden Cnty. Corr. Facility</u>, 318 F.3d 575, 583-84 (3d Cir. 2003) (plaintiff must show defendant initiated or maintained a policy or custom that caused the constitutional violation); <u>Oklahoma City v. Tuttle</u>, 471 U.S. 808, 823-24 (1985) (single occurrence is insufficient to impose <u>Monell</u> liability, unless part of an unconstitutional policy). Perdick cannot raise a <u>Monell</u> claim, for the first time, in his brief in opposition to the summary judgment motion. <u>See</u> <u>Bereczki v. Mansfield Twp.</u>, No. 03-276, 2005 WL 3454297, at *8 (D.N.J. Dec. 13, 2005) ("claim was not alleged in the complaint and cannot be raised for the first time in an opposition to a motion for summary judgment").

Under Pennsylvania law, a police officer has a property interest in continued employment. Schmidt v. Creedom, 639 F.3d 587, 589-90 (3d Cir. 2011); see Chambers, 587 F.3d at 195 (property interest in employment is determined by state law); Balliett v. City of Allentown, No. 92-cv-4713, 1994 WL 719637, at *8 (E.D. Pa. Dec. 22, 1994). Absent extraordinary circumstances, a police officer is entitled to a hearing before termination, "even when a post-termination administrative hearing [is] available." Schmidt, 639 F.3d at 598; see Cleveland Bd. of Edu. v. Loudermill, 470 U.S. 532, 542 (1985).

As a police officer, Perdick had a protected property interest in his continued employment. He was entitled to a pre-termination hearing, absent extraordinary circumstances, which Allentown failed to provide. Allentown contends it terminated Perdick based on his permanent disability, but it fails to establish how it provided Perdick with proper due process. Allentown's April 21, 2010 letter to Perdick did not provide notice of his termination. Allentown Br. at 20; Ex. L. The Heart and Lung hearing involved only the discontinuation of Perdick's benefits, not the termination of his employment. See Allentown's Ex. K, Heart and Lung Transcript. Finally, Perdick's ability to seek a post-termination hearing is legally insufficient. See Loudermill, 470 U.S. at 542; Schmidt, 639 F.3d at 598. Allentown's motion is denied with respect to Perdick's § 1983 claim.

"[A] district court may not generally grant summary judgment sua sponte unless it gives prior notice and an opportunity to oppose summary judgment." DL Res., Inc. v. FirstEnergy Solutions, Corp., 506 F.3d 209, 223 (3d Cir. 2007) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986); Prusky v. Reliastar Life Ins. Co., 445 F.3d 695, 699 n.6 (3d Cir. 2006); Chambers Dev. Co. v. Passaic Cnty. Util. Auth., 63 F.3d 582, 584 n.5 (3d Cir. 1995)). Perdick and Allentown are directed, within 14 days from the date of the following Order, to address whether

Perdick is entitled to summary judgment on his procedural due process claim and, what damages, if any, he is entitled.  See Fontaine v. Cent. Square Condominiums, Inc., No. 99-CV-1756, 2001 WL 34355639, at *6 (E.D. Pa. Dec. 28, 2001) (allowing parties an "opportunity to submit briefs regarding the entry of summary judgment in favor of the" defendants that did not move for summary judgment).

     An appropriate Order follows.